UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JULIUS RAY ANGLERO,<br><br>  Petitioner,<br><br>v.<br><br>GOVERNMENT & AUTHORITIES OF U.S.A., et al.,<br><br>  Respondents. | Case No.: 25-cv-3807-AJB-KSC<br><br>**ORDER DISMISSING CASE WITHOUT PREJUDICE** |

Petitioner Julius Ray Anglero ("Petitioner"), proceeding pro se, has filed a Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2254.[1] (Doc. No. 1.) For the reasons discussed below, the Court dismisses the instant habeas action without prejudice.

**FAILURE TO SATISFY FILING FEE REQUIREMENT**

First, Petitioner has neither paid the $5.00 filing fee nor moved to proceed in forma pauperis ("IFP"). Because this Court cannot proceed until Petitioner has either paid the

---

[1] While Petitioner completed the instant filing on a section 2254 federal habeas petition form and entitled it as "Petition Writ of Habeas Corpus" (*see* Doc. No. 1 at 1), the Court notes Petitioner's completed Civil Cover Sheet indicates numerous and various Nature of Suit Codes, none of which appear to relate to a prisoner petition or habeas corpus. (*See* Doc. No. 1-1.) Even so, in an abundance of caution, the Court will proceed to consider the instant filing as a habeas petition filed pursuant to section 2254, as Petitioner has entitled his filing (*see id.* at 1) and as the case has been docketed. (*See docket generally*.)

1

$5.00 filing fee or qualified to proceed IFP, the case is subject to dismissal without prejudice. *See* R. 3(a), Rules Governing Section 2254 Cases (2019).

## **FAILURE TO INVOKE THE COURT'S HABEAS JURISDICTION**

Additionally, Petitioner has not invoked this Court's jurisdiction with respect to this habeas challenge. Here, Petitioner does not allege he is in custody pursuant to the judgment of a State court, which is required for a reviewing court to entertain a federal habeas action under section 2254. *See* 28 U.S.C. § 2254(a) ("The Supreme Court, a Justice thereof, a circuit judge, or a district court shall entertain an application for a writ of habeas corpus in behalf of a person in custody *pursuant to the judgment of a State court* only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States.").

Upon review of the documents filed in this case, it appears that Petitioner is not in the custody of the State of California, nor was he when he filed the Petition because Petitioner lists his address as "13579 SE 89th Terrace Road Summerfield, FL 34491." (*See* Doc. No. 1-3 at 1.) Furthermore, Petitioner does not appear to allege he was on parole or otherwise in constructive custody. While not entirely clear, the case numbers Petitioner indicates are the subject of his challenge (*see* Doc. No. 1 at 1, listing FF#71256, NYSID CC83932J1, and #24100019) appear to relate to a New York state child support matter and a New York state criminal disposition which appeared to result in a fine and an order of protection. (*See* Doc. No. 1-2 at 31–33 (Orange County Office of Child Support Enforcement Support Obligation Summary in Case ID CC83932J1); *see also* Doc. No. 1-2 at 48 (Family File # 71256 from Orange County Family Court, New York); Doc. No. 1-2 at 53–55 (Disposition – People of the State of New York versus Julius Anglero, Case No. 24100019 in Dutchess County New York, Wappingers Falls Village Court- Criminal Division).)

"Subject matter jurisdiction under the federal habeas corpus statute, 28 U.S.C. § 2254(a), is limited to those persons 'in custody pursuant to the judgment of a State.'" *Brock v. Weston*, 31 F.3d 887, 889 (9th Cir. 1994); *see also* 28 U.S.C. § 2241(c)(3). It is a

jurisdictional requirement that, at the time a habeas petition is filed, "the habeas petitioner be 'in custody' under the conviction or sentence under attack." *Maleng v. Cook*, 490 U.S. 488, 490–91 (1989) (citing 28 U.S.C. §§ 2241(c)(3) & 2254(a)); *see Carafas v. LaVallee*, 391 U.S. 234, 238 (1968). Because Petitioner does not indicate he is either in actual or constructive custody pursuant to a state criminal conviction, the Court lacks habeas jurisdiction to entertain the instant federal habeas Petition under section 2254.

Rule 4 of the Rules Governing § 2254 Cases provides for summary dismissal of a habeas petition "[i]f it plainly appears from the face of the petition and any attached exhibits that the petitioner is not entitled to relief in the district court. . . ." R. 4, Rules Governing Section 2254 Cases (2019). Here, it is plain from the Petition that Petitioner is not presently entitled to federal habeas relief because he was not in the custody of the State of California when he filed his section 2254 Petition in this Court. Accordingly, the Court must dismiss the action.

## **FAILURE TO NAME A PROPER RESPONDENT**

Upon review, Petitioner has also failed to name a proper respondent. On federal habeas, a state prisoner must name the state officer having custody of him as the respondent. *Ortiz-Sandoval v. Gomez*, 81 F.3d 891, 894 (9th Cir. 1996) (citing R. 2(a), Rules Governing Section 2254 Cases (2019)). Federal courts lack personal jurisdiction when a habeas petition fails to name a proper respondent. *See id.*

The warden is the typical respondent. However, "the rules following section 2254 do not specify the warden." *Id.* "[T]he 'state officer having custody' may be 'either the warden of the institution in which the petitioner is incarcerated . . . or the chief officer in charge of state penal institutions.'" *Id.* (quoting R. 2(a), Rules Governing Section 2254 Cases (2019), advisory committee's note).

Here, Petitioner has incorrectly named "Government & Authorities of U.S.A.," Government & Authorities of N.Y.S.," "NYS U.F.A. Fire Pension Fund" and "Seafares International Union" as respondents. (*See* Doc. No. 1-1.) In order for this Court to entertain the Petition filed in this action, Petitioner must name the individual having custody of him

as Respondent. *Brittingham v. United States*, 982 F.2d 378, 379 (9th Cir. 1992) (per curiam); *see also Ashley v. Washington*, 394 F.2d 125, 126 (9th Cir. 1968) ("The actual person who is [the] custodian [of the petitioner] must be the respondent.") Based on this Court's review of the Petition, it appears Petitioner could not name a proper Respondent because he was not in actual or constructive custody at the time of filing. Thus, the Petition is also subject to dismissal for failure to name a proper Respondent.

## CONCLUSION AND ORDER

Because Petitioner has not satisfied the filing fee requirement, has not invoked this Court's jurisdiction with respect to his habeas challenge under section 2254, and has not named a proper Respondent on federal habeas, the Court finds dismissal without prejudice appropriate. The Clerk is directed to serve a copy of this Order upon Petitioner and upon the California Attorney General.

**IT IS SO ORDERED.**

Dated: January 7, 2026

Hon. Anthony J. Battaglia
United States District Judge